******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZARELLA, J., with whom McDONALD, J., joins, concurring. I agree with the majority's general conclusions in this case. I respectfully disagree, however, with the majority's reliance on *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 84 A.3d 840 (2014), for the proposition that the "[r]eview of an unpreserved claim may be appropriate . . . when the minimal requirements for review are met and . . . the party who raised the unpreserved claim cannot prevail." (Citation omitted; emphasis omitted; footnote omitted.) Id., 157–58; see footnotes 16 and 20 of the majority opinion. Although the majority correctly cites and applies this principle, I believe in retrospect that reviewing an unpreserved claim on which a party cannot prevail makes no sense because an inability to prevail leaves the party raising the claim in exactly the same position he would have been had the claim been deemed unreviewable. In addition, reviewing an unpreserved claim on which a party cannot prevail consumes valuable judicial resources that could be better utilized to review properly preserved claims. Accordingly, both logic and this court's well established interest in fostering judicial economy suggest that the unpreserved claim in the present case should not be reviewed.